**Weldon Ray REEVES, Plaintiff— Appellant,**

v.

**Jo Anne B. BARNHART, Defendant— Appellee.**

No. 03–16368.

**D.C. No. CV–02–01416–GEB/JFM.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2005.*

Decided Feb. 24, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

---

Weldon Ray Reeves, Sacramento, CA, pro se.

Debora G. Luther, Office of the U.S. Attorney, Sacramento, CA, for Defendant–Appellee.

Before ALARCÓN, SILVERMAN, and BEA, Circuit Judges.

### MEMORANDUM **

Weldon Reeves appeals the district court's summary judgment in favor of the Commissioner of the Social Security Administration (SSA) in Reeves' declaratory judgment action seeking to compel 12 administrative law judges (ALJs) to testify regarding Reeves' moral character in Reeves' California State Bar reinstatement proceeding. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and review the district court's grant of summary judgment de novo. *Buono v. Norton*, 371 F.3d 543, 545 (9th Cir.2004).

Reeves argues that the Commissioner's denial of Reeves' request for the ALJs to testify was arbitrary. We will set aside the Commissioner's decision only if "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); *United States v. Bean*, 537 U.S. 71, 77, 123 S.Ct. 584, 154 L.Ed.2d 483 (2002); *City of Sausalito v. O'Neill*, 386 F.3d 1186, 1206 (9th Cir.2004). The Commissioner applied the factors set forth in 20 C.F.R. § 403.130 and concluded that the testimony was not in SSA's interest because the ALJs' testimony could reveal the ALJs' personal feelings for Reeves, compromising their appearance of impartiality. In addition, SSA had found that Reeves violated SSA's code of conduct and suspended Reeves from practicing as a SSA representative. As a result, it was inconsistent, and not in SSA's interest, to pursue Reeves' disqualification to represent clients before the SSA and also allow its employees to testify in support of Reeves' request for reinstatement to practice law in California. The Commissioner also concluded that the testimony would unduly burden the resources of the United States for private purposes and was available in a less burdensome form from another source. Further, the Commissioner noted that the California State Bar is an agency of the California state government, and that it was in SSA's interest to "remain neutral" and, thereby, defer to the bar's judgment that Reeves should not be

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

reinstated to the practice of law in California. Because the Commissioner considered the relevant factors set forth in the regulations and articulated a rational and substantiated connection between the factors and her reasons for denying prior authorization of the testimony, her decision to deny permission was not arbitrary and capricious. 20 C.F.R. § 403.130; *O'Neill*, 386 F.3d at 1206.

Reeves also argues that, pursuant to *Exxon Shipping Co. v. United States Dept. of Interior*, 34 F.3d 774 (9th Cir.1994), the federal district court should have enforced his request under the federal discovery rules. However, *Exxon Shipping* concerned federal subpoenas in a federal action. *Id.* at 775. This case involves a testimony request for a state bar proceeding. Therefore, *Exxon Shipping* does not control. Further, independent of 5 U.S.C. § 301, 42 U.S.C. § 1306 provides that information in the possession of SSA shall not be disclosed except as the Commissioner proscribes by regulation.

AFFIRMED.